# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC LEE PHILLIPS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 11-CV-0025-CVE-FHM |
| | ) |
| MIKE ADDISON, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 9) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

## *BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2007-5847. See Dkt. # 1. In that case, on March 3, 2009, the state district judge found Petitioner guilty after accepting his pleas of guilty to two (2) counts of First Degree Murder (Counts 1 and 2) and two (2) counts of Unauthorized Removal of Dead Body (Counts 3 and 4). See Dkt. # 6, Ex. 1. He was sentenced that day to life imprisonment on each of Counts 1 and 2, and five (5) years on each of Counts 3 and 4, with the sentences to be served concurrently. Id. Petitioner did not file a motion to withdraw guilty pleas and did not otherwise perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id.

At the time of sentencing, the trial judge set a hearing date for judicial review of the sentence. On November 16, 2009, a district court judge held the hearing as scheduled and denied the request for sentence modification. Id.

On February 22, 2010, Petitioner filed an application for post-conviction relief requesting that he be allowed to withdraw his pleas of guilty out of time. Id. On March 25, 2010, the state district judge held a hearing and denied the motion. Id. A written order denying post-conviction relief was filed on April 5, 2010. See Dkt. # 6, Ex. 2. Petitioner appealed to the OCCA, and by order filed July 13, 2010, in Case No. PC-2010-414, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 6, Ex. 4. During post-conviction proceedings, Petitioner was represented by attorney Stanley Monroe.

Petitioner's petition for writ of habeas corpus (Dkt. # 1) was received for filing on January 11, 2011.[1] In response to the petition, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. ## 5 and 6.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Petitioner states under penalty of perjury that he placed the petition for writ of habeas corpus in "the prison mailing system" on January 7, 2011. Significantly, Petitioner put a line through the word "prison," suggesting that the petition was not mailed from the prison facility. See Dkt. # 1.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

**A. Application of § 2244(d)(1)(A)**

Application of § 2244(d)(1)(A) leads the Court to conclude that Petitioner filed his petition for writ of habeas corpus after expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2007-5847, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on March 13, 2009. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction began to run on March 14, 2009, see Harris v. Dinwiddie, --- F.3d ---, 2011 WL 1591814, *6 n.6 (10th Cir. 2011), and he had one year, or until March 14, 2010, to file a timely petition for writ of habeas corpus. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate

3

AEDPA deadline). The petition in this case was not received for filing until January 11, 2011. The earliest possible file date for the petition is January 7, 2011, the date Petitioner states his petition was placed in the mail. See Dkt. # 1 at 10. See Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)). Unless Petitioner is entitled to tolling of the limitations period, his petition is untimely.

**B. Statutory tolling**

The record demonstrates that prior to expiration of the one-year period, Petitioner was afforded judicial review of his sentence. That proceeding was not, however, a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Bohon v. Oklahoma, 313 Fed. Appx. 82, 84 n.1 (10th Cir. 2008) (unpublished); Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished).

On February 22, 2010, or with twenty (20) days remaining in his one-year period, Petitioner filed his application for post-conviction relief and the limitations period was tolled, or suspended, during the pendency of the post-conviction proceeding. 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). Petitioner's application for post-conviction relief was pending in the state courts from February 22, 2010, to July 13, 2010, when the OCCA affirmed the denial of post-conviction relief. Thus, Petitioner had to file his habeas petition within twenty (20) days of July 13, 2010, or on or before August 2, 2010. At the earliest, Petitioner filed his habeas

corpus petition on January 7, 2011, or more than five (5) months beyond the deadline. See Hall, 292 F.3d at 1266 n.1 (applying prisoner "mailbox rule" to filing of habeas petition). Therefore, unless Petitioner demonstrates that he is entitled to equitable tolling or that his one year period accrued under § 2244(d)(1)(B), (C), or (D), his petition is untimely.

**C. Impediment created by "state action" under § 2244(d)(1)(B)**

In response to the motion to dismiss, Petitioner argues that "state action" impeded the filing of his petition and that, as a result, the timeliness of his petition is governed by 28 U.S.C. § 2244(d)(1)(B), as opposed to § 2244(d)(1)(A). See Dkt. # 9 at 7-8. Specifically, Petitioner claims that the state courts' denial of his request for an appeal out of time amounts to the creation of an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States," implicating application of § 2244(d)(1)(B). Id. He further claims that the impediment attributable to "state action" will not be removed until he is granted an appeal out of time in the state courts. Id. at 8. However, the Court rejects Petitioner's claim that the rulings by the state courts qualify as "impediments" under § 2244(d)(1)(B). Petitioner fails to allege facts showing how the state courts' rulings prevented him from filing the instant federal habeas petition. Cf. Weibley v. Kaiser, 50 Fed. Appx. 399, 403 (10th Cir. 2002) (unpublished) ("Weibley's claim is insufficient because he does not allege specific facts that demonstrate how his alleged denial of these materials impeded his ability to file a federal habeas petition") (citation omitted)). Thus, contrary to Petitioner's assertion, § 2244(d)(1)(B) does not serve to extend the limitation period beyond August 2, 2010, as determined under § 2244(d)(1)(A).

5

**D. Equitable tolling**

The statute of limitations defined in 28 U.S.C. § 2244(d) is subject to equitable tolling. Holland v. Florida, --- U.S. ---, 130 S.Ct. 2549, 2560, 2562 (2010); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling applies only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (citing Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S.Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. In response to the motion to dismiss, Petitioner first argues the merits of his habeas challenge to the validity of his guilty pleas. See Dkt. # 9 at 1-5. Because the petition was not timely filed, however, the Court may not consider those arguments unless Petitioner demonstrates entitlement to equitable tolling. The habeas claims themselves do not justify tolling of the one-year period.

Next, Petitioner argues that his petition is not time barred because he relied on advice from an attorney hired by his family "to file, present and represent Mr. Phillips with regard to Application for Post Conviction Relief -- Appeal-Out-of-Time." See Dkt. # 9 at 6. Petitioner further alleges that

his family made payments to the attorney "for his continued representation on into the federal habeas proceedings with the expectations that services would be provided accordingly." Id. In support of these allegations, Petitioner provides the affidavit of his aunt, Gwen Gaddy, and copies of e-mail exchanges between Ms. Gaddy and the law office of attorney Stanley Monroe. See Dkt. # 9 at Exs. A-J.

In general, attorney error is not a basis for equitable tolling because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." Coleman v. Thompson, 501 U.S. 722, 752 (1991). The Supreme Court has held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336-37 (2007). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." Modrowski v. Mote, 322 F.3d 965, 968 (7th Cir. 2003) (internal citations omitted); see also Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citations omitted); Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding") (internal citations omitted); United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [with respect to equitable tolling]").

7

The Court recognizes that the rule is not without exception. See Martin, 408 F.3d at 1093-94 (compiling cases and discussing "serious" or "egregious" misconduct by attorneys). The Tenth Circuit Court of Appeals has held that "sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007). In Fleming, the petitioner alleged that his attorney repeatedly assured him that the habeas petition was being prepared and would be filed within a week, when in fact no petition had been prepared or filed. Nothing in this case, however, suggests misconduct approaching the level present in Fleming. The e-mail correspondence between Petitioner's aunt and the attorneys reflects that Petitioner's family was misadvised concerning the limitations period. In an e-mail dated December 15, 2010, or more than four (4) months after the limitations period had already expired, attorney Monroe incorrectly advised that Petitioner had to file his petition for writ of habeas corpus "within 1 year from the date the state court last ruled, July 13, 2010." See Dkt. # 9, Ex. C. However, counsel's mistake does not rise to the level of an extraordinary circumstance warranting equitable tolling. The correspondence provided by Petitioner also reflects Mr. Monroe's effort to inform Ms. Gaddy that he and his firm were not representing Petitioner in a federal habeas action. Id. (advising that "we cannot undertake a full-blown fight in federal court right now"); Dkt. # 9, Ex. B (advising that "[w]e have not reached a decision about our future role in his case"); and Dkt. # 9, Ex. F (containing Ms. Gaddy's statement that "[Eric] has completed that application to be forwarded to the Federal courts"). Petitioner was responsible for insuring timely filing of his federal petition for writ of habeas corpus. Under the facts of this case, Petitioner is not entitled to equitable tolling as a result of his reliance on mistaken advice received from an attorney. The petition for writ of habeas corpus is time barred.

*CONCLUSION*

The Court concludes that Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the Oklahoma Court of Criminal Appeals was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). In addition, nothing suggests that the Court's ruling

9

resulting in the dismissal of this action as time barred was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A certificate of appealability is **denied**.

4. A separate Judgment shall be entered in this case.

**DATED** this 23rd day of June, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT